NOT FOR PUBLICATION                                    (Docket No. 6)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

```
_____
                               :
A.P. a minor, individually     :
and by her parents and legal   :
guardians, A.P. & M.S.,        :
                               :
          Plaintiff,           :   Civil No. 05-3780 (RBK)
     v.                        :   OPINION
                               :
PEMBERTON TOWNSHIP BOARD       :
OF EDUCATION,                  :
                               :
          Defendant.           :
_____:
```

**KUGLER**, United States District Judge:

This matter comes before the Court on motion by Defendant Pemberton Township Board of Education ("Defendant") for summary judgment of the counterclaim against Plaintiff A.P. ("Plaintiff" or "A.P."). For the reasons set forth below, Defendant's motion will be granted and the decision below shall be reversed to the extent that it granted Plaintiff's request for emergent relief.

**I.   Background**[1]

A.P., a multiply disabled high school student in Defendant's

---

[1] The following facts are taken from Judge Stein's Opinion of February 15, 2005, and Defendant's statement of facts. Because Defendant's motion for summary judgment is unopposed, this Court will "treat all facts properly supported by the movant to be uncontroverted." Brandon v. Warden, No. State Prison, 2006 WL 1128721, *3 (D.N.J. 2006) (quoting Allebach v. Sherrer, 2005 U.S. Dist. LEXIS 15626, at *5 (D.N.J. 2005)); see also Anchorage Assoc. v. Virgin Islands Bd. of Tax Rev., 922 F.2d 168 (3d Cir. 1990) (holding improper the practice of granting unopposed motions for summary judgment without first examining the merits).

school district, alleges that Defendant violated her rights under the Individuals with Disabilities Education Act ("IDEA") and § 504 of the Rehabilitation Act of 1973, 29 U.S.C. 794(a), by suspending her from school for twenty days without providing a timely manifestation conference to ascertain whether her conduct was related to her disability.

The events at issue are undisputed. On January 5, 2004, a student informed A.P.'s school guidance counselor that A.P. had been smoking marijuana before school. The school's substance abuse counselor subsequently found A.P. in the school bathroom, appearing to be snorting a controlled substance. School administrators completed a substance abuse evaluation form, noting that A.P. had glassy eyes and a runny nose, and was nervous, uncooperative, and paranoid. She refused to submit to a drug test, and, pursuant to Defendant's policy, was suspended from school for ten days. Defendant held a manifestation conference, and it was determined that the drug use and refusal to take the drug test was not a manifestation of A.P.'s disability.

A.P.'s suspension was complete on January 20, 2005, but she was not permitted to return until she complied with a board policy requiring a medical report confirming her fitness to resume her schooling. A.P. submitted the requisite medical report and returned to school on January 24, 2004.

On January 27, 2004, a student observed A.P. smoking marijuana in the school bathroom. A security officer also observed A.P. smoking in the bathroom. A substance abuse evaluation revealed that A.P. was trembling, nervous and paranoid, had sudden outbursts, was crying, had drastic mood swings, was defensive, and was physically and emotionally out of control. A.P. again refused to submit to a drug test, and was suspended for twenty days in accordance with Defendant's substance abuse policy. During Plaintiff's suspension, Defendant provided ten hours of home instruction per week with authorization of the child study team. (Tr., Feb. 14, 2005, 24:14-20.)

Plaintiffs filed an expedited due process hearing on February 4, 2005, apparently requesting Plaintiff's return to school and an injunction preventing Defendant from suspending Plaintiff for drug use in the future. (ALJ Opn. at 6.) A manifestation conference was scheduled for February 9, 2005, but was adjourned because A.P.'s mother, L.U., refused to participate. The conference was not rescheduled.

The matter was transferred to the Office of Administrative Law and an emergent hearing was held before Administrative Law Judge Donald J. Stein on February 14, 2005. On February 15, 2005, Judge Stein issued an Opinion, ordering A.P.'s immediate return

to the high school, pursuant to N.J.A.C. 1:6A-12.1(e).[2] Judge Stein also ordered the development of a behavioral assessment plan and a psychological evaluation with a drug use component. The Judge denied Plaintiff's request for a restraining order enjoining Defendant from "attempting such punishment in the future." (Opn. at 6.)

In particular, Judge Stein determined that the district erred in removing A.P. from her educational placement for over ten days without providing a manifestation determination. The Judge reasoned:

> If it is determined that the student's behavior is a manifestation of the disability, there are to be no further disciplinary removals and it is to be determined if the [Individual Education Plan ("IEP")] and placement decision warrant revision. In the meantime, the school district is required to continue to provide a free appropriate public education.
>   In the present case, there is no dispute that respondent did not conduct a manifestation hearing. Therefore, the child must be immediate returned to school.

---

[2] N.J.A.C. 1:6A-12.1(e) permits an ALJ to order emergency relief or a change in placement in accordance with 20 U.S.C. § 1415(k)(2), if the judge determines from the proofs that:
   1. The petitioner will suffer irreparable harm if the requested relief is not granted;
   2. The legal right underlying the petitioner's claim is settled;
   3. The petitioner has a likelihood of prevailing on the merits of the underlying claim; and
   4. When the equities and interests of the parties are balanced, the petitioner will suffer greater harm than the respondent will suffer if the requested relief is not granted.
N.J.A.C. 1:6A-12.1(e).

(ALJ Opn. at 5.) The Judge's Opinion echoed his Order issued from the bench on February 14, 2005: "I think it's incumbent that the child be returned to school immediately. I want to order that based on the lack of the manifestation hearing." (Hearing 49:8-11.)[3]

Plaintiff filed suit in this Court on July 29, 2005, for attorney fees and costs as a prevailing party pursuant to 20 U.S.C. § 1415. Defendant filed a counterclaim, requesting reversal of the Opinion below and filed a motion for summary judgment of the counterclaim on November 11, 2005. Plaintiff has not opposed Defendant's motion.

## II.  Standard

In reviewing an administrative determination in an IDEA case, "the District Court applies a modified version of de novo review." L.E., 435 F.3d at 389 (citing S.H. v. State-Operated Sch. Dist. of the City of Newark, 336 F.3d 260, 269-70 (3d Cir. 2003)). While "the District Court must make its own findings by a preponderance of the evidence," the court "must also afford 'due

---

[3] Distinct from the manifestation hearing requirement, is the mandate of 34 C.F.R. § 300.522, requiring the IEP team to convene within the first ten days of a suspension to determine an interim alternative educational setting for the duration of the student's removal from her educational placement. Because Judge Stein based his decision solely on the lack of a manifestation hearing and because the parties have not raised § 300.522 before this Court or alleged facts amounting to a violation thereof, this Court will not address any issues associated with the § 300.522 requirement.

weight' to the ALJ's determination." Shore Reg'l High School Bd. of Educ. v. P.S. ex rel. P.S., 381 F.3d 194, 199 (3d Cir. 2004) (citing 20 U.S.C. § 1415(1)(2)(B)(iii); Rowley, 458 U.S. at 206).

Thus, "[f]actual findings from the administrative proceedings are to be considered prima facie correct," and where the ALJ has heard live testimony and made determinations of credibility, "that determination is due special weight." Id. (citing S.H. v. State-Operated School Dist. of Newark, 336 F.3d 260, 271 (3d Cir. 2003)). Furthermore, "[i]f a reviewing court fails to adhere to [the ALJ's findings], it is obliged to explain why." Id.

### III. Analysis

#### A. IDEA Violation

Defendant argues that Judge Stein's order to return A.P. to school was improper, since 20 U.S.C. § 1415(k)(1)(G) specifically authorizes school districts to suspend students with disabilities for up to forty-five days for possession or use of drugs at school, regardless of whether the conduct was related to the student's disability.

20 U.S.C. § 1415(k) outlines the school's authority to suspend, expel, or otherwise alter the educational placement of students in receipt of services under the IDEA. Under the statute, school personnel may remove a student with a disability from her current educational placement for violation of a code of

6

student conduct for up to ten days. § 1415(k)(1)(B). A suspension constitutes a removal from educational placement for the purposes of the statute.

In most circumstances, school authorities may suspend the student's placement for more than ten school days only if "the behavior that gave rise to the violation of the school code is determined not to be a manifestation of the child's disability." § 1415(k)(1)(C). To ascertain whether the behavior was a manifestation of the disability, the statute mandates a manifestation conference "within 10 school days of any decision to change the placement." § 1415(k)(1)(E). At this meeting, "the local educational agency, the parent, and relevant members of the IEP Team" are instructed to "review all relevant information in the student's file, including the child's IEP, any teacher observations, and any relevant information provided by the parents to determine" whether the improper conduct was caused by the student's disability or the district's failure to properly implement the child's IEP. Id. If the hearing concludes that the behavior constituted a manifestation of the disability, the IEP Team must conduct a functional behavioral assessment, implement or review the behavioral intervention plan, and immediately return the student to her previous placement. § 1415(k)(1)(F).

However, § 1415(k)(1)(G) provides an exception to this scheme in certain limited circumstances, permitting school

authorities to remove a disabled student from her educational placement for up to forty-five days, "without regard to whether the behavior is determined to be a manifestation of the child's disability, in cases where a child . . . knowingly possesses or uses illegal drugs, or sells or solicits the sale of a controlled substance, while at school." § 1415(k)(1)(G).

Although 20 U.S.C. § 1415(k)(1)(G) does not obviate the manifestation hearing requirement, it does render the hearing irrelevant as to the school's authority to suspend the student for up to forty-five days. Farrin v. Maine School Admin. Dist. No. 59, 165 F. Supp. 2d 37, 42 (D. Me. 2001) (holding that "a child who was suspended under the IDEA for bringing drugs or weapons to school must serve the entire forty-five days of his suspension, notwithstanding the result of the manifestation determination"). Consequently, while Defendant erred in failing to make a manifestation determination within ten days of A.P.'s suspension, the outcome of the hearing would have had no bearing on A.P.'s right to return to her school placement.

**B.   Plaintiff's Entitlement to Relief**

Although a district's failure to adhere to the IDEA's procedural requirements may be "adequate grounds by themselves" for holding the district liable, Jackson v. Franklin County School Bd., 806 F.2d 623, 629 (5th Cir. 1986), "procedural errors in and of themselves do not automatically constitute a denial of

FAPE." Matthew M. ex rel. William M. v. William Penn School Dist., 2002 WL 1286910 (E.D. Pa. 2002). Rather, only those "procedural inadequacies that result in the loss of educational opportunity or seriously infringe the parents' opportunity to participate in the IEP formulation process warrant relief." Id. (citing W.G. v. Board of Trustees of Target Range Sch. Dist. No. 23, 960 F.2d 1479, 1484 (9th Cir. 1992)). The burden of establishing such harm rests on the plaintiff. C.M. v. Board of Educ. of Union County Regional High School, 128 Fed. Appx. 876 (3d Cir. 2005).

Farrin v. Maine School Admin. Dist. No. 59, 165 F. Supp. 2d 37, addresses the ramifications of a district's failure to provide a timely manifestation hearing for conduct covered by 20 U.S.C. § 1415(k)(1)(G). Farrin, a disabled student in receipt of services under the IDEA, was suspended on November 6, 2000, for arranging a sale of marijuana to another student at school. Farrin was then expelled on November 20, 2000, but did not receive a manifestation conference until December 11, 2000, after the elapse of the ten day period. The District Court nevertheless upheld the expulsion, concluding that the school board's failure to conduct a timely manifestation review was harmless, particularly as "Plaintiffs have not presented any evidence to give the Court reason to believe that conducting the review two days late impeded their ability to participate in the process, or

negatively affected [the student] in any way." Id. at 51.

Other cases have also concluded that a harmless procedural error by a school district does not warrant judicial intervention. Roland M. v. Concord School Comm., 910 F.2d 983 (1st Cir. 1990); Amanda J. v. Clark County Sch. Dist., 267 F.3d 877, 892 (9th Cir. 2001) ("Not every procedural violation, however, is sufficient to support a finding that the child in question was denied a [free appropriate public education ('FAPE')]."); A.I. ex rel. Iapalucci v. District of Columbia, 402 F. Supp. 2d 152, 164 (D.D.C. 2005) ("[N]ot every technical violation of the procedural prerequisites of an IEP will invalidate its legitimacy"); See also Alex K. v. Wissahickon School Dist., 2004 WL 286871 (E.D. Pa. 2004) (holding failure to complete IEP before the deadline "was harmless error").

Here there is no indication that Defendant's failure to provide a manifestation hearing within ten days of Plaintiff's suspension "caused a deprivation of educational benefits." Roland M., 910 F.2d at 994. Under 20 U.S.C. § 1415(k)(1)(G), Defendant could have suspended Plaintiff for up to forty-five days for using drugs at school, regardless of whether her drug use was a manifestation of her disability. Plaintiff's twenty day suspension therefore could not have amounted to a wrongful removal from educational placement, because the suspension would have remained in force without regard to the outcome of a

manifestation hearing.

Although administrative determinations are entitled to some deference in IDEA cases, nowhere in Judge Stein's February 15, 2005, Opinion does he address the exception provided in 20 U.S.C. § 1415(k)(1)(G). Nor does he discuss the fact that Plaintiff filed for an emergent hearing only five school days after Plaintiff's suspension or that Defendant's failure to hold the manifestation conference within ten days was due, in large part, to Plaintiff's mother's refusal to attend the meeting. Nothing in the record indicates any harm to A.P. ensuing from Defendant's failure to provide a timely manifestation hearing. Plaintiff has therefore failed her burden of establishing any injury that would entitle her to relief.

Accordingly, the ALJ's Order returning Plaintiff to school was unwarranted and will be reversed to the extent that it granted Plaintiff's request for emergent relief.

The accompanying Order shall issue today.

Dated: May 15, 2006                    S/Robert B. Kugler
                                       ROBERT B. KUGLER
                                       United States District Judge